IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-73-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LACRYSTAL RENEE MCCLAIN, ) | |
| ) | |
| Defendant. ) | |

On September 4, 2013, pursuant to a plea agreement [D.E. 14], LaCrystal Renee McClain ("McClain") pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("count one") and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h) ("count two"). See [D.E. 14] 4–6; [D.E. 10]. On January 6, 2014, the court held McClain's sentencing hearing. See [D.E. 20]. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated McClain's total offense level to be 25, her criminal history category to be I, and her advisory guideline range to be 57–71 months. See [D.E. 20]. Pursuant to U.S.S.G. § 5K1.1, the court then granted the government's motion for a downward departure. See id.; [D.E. 18]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McClain to 36 months' imprisonment on each count, to run concurrently. See [D.E. 20]. McClain did not appeal.

On February 23, 2015, McClain filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 26]. On August 17, 2015, McClain filed a memorandum in support. See [D.E. 28]. McClain's new advisory guideline range is 46 to 57 months' imprisonment based on a total offense level of 23 and a criminal history category of I. See id. 5; Resentencing Report. McClain requests a 29-month

sentence. See [D.E. 28] 5; Resentencing Report.

The court has discretion to reduce McClain's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce McClain's sentence, the court finds that McClain engaged in a serious and prolonged conspiracy to distribute heroin and to launder money. See PSR ¶¶ 6–9. Nonetheless, McClain has engaged in some positive behavior while incarcerated on her federal sentence. See [D.E. 28] 6–7.

Having reviewed the entire record and all relevant policy statements, the court finds that McClain received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing McClain's sentence would threaten public safety in light of her serious criminal conduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). McClain's serious criminal conduct does not support reducing McClain's sentence. Thus, the court denies McClain's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, McClain's motion for reduction of sentence [D.E. 26] is DENIED. McClain's motion to appoint counsel [D.E. 23] is DENIED as moot, and McClain's motion to seal [D.E. 29] is GRANTED.

SO ORDERED. This 27 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge